**Allan D. CURRAN, Plaintiff-Appellant,**

v.

**TEACHERS RETIREMENT SYSTEM OF THE CITY OF NEW YORK, UNITED FEDERATION OF TEACHERS, Defendants-Appellees.**

No. 05–5703–cv.

United States Court of Appeals, Second Circuit.

Sept. 21, 2007.

782

Allan D. Curran, Yonkers, NY, pro se.

Susan Paulson, Kelley Drye & Warren LLP, New York, NY, for Defendant–Appellant, Teachers Retirement System of the City of New York.

Christopher Callagy, New York State United Teachers, (James R. Sandner, on the brief; Neil J. Dudich, of counsel), New York, NY, for Defendant–Appellant, United Federation of Teachers.

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES and CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Allan D. Curran appeals *pro se* from a District Court judgment dismissing his complaint with prejudice. Curran alleges that defendants discriminated against him on the basis of sex by using sex-neutral mortality tables to calculate his retirement benefits. As relief, he asks this Court to reexamine and reverse two Supreme Court decisions validating the use of gender-neutral mortality tables. *See City of Los Angeles, Dep't of Water and Power v. Manhart,* 435 U.S. 702, 98 S.Ct. 1370, 55 L.Ed.2d 657 (1978) and *Arizona Governing Comm. for Tax Deferred Annuity and Deferred Compensation Plans v. Norris,* 463 U.S. 1073, 103 S.Ct. 3492, 77 L.Ed.2d 1236 (1983). We assume the parties' familiarity with the facts and the procedural history of the case.

We review a district court's denial of a motion to dismiss de novo, "accepting as true the material facts alleged in the complaint and drawing all reasonable inferences in plaintiff['s] favor." *Iqbal v. Hasty,* 490 F.3d 143, 152 (2d Cir.2007) (internal quotation marks omitted). Reviewing the record and the relevant law, we detect no error in the District Court's July 26, 2005 Memorandum and Order.

Accordingly, we **AFFIRM** the judgment of the District Court, substantially for the reasons stated by Judge Batts in her Memorandum and Order of July 26, 2005.